NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLAUDIA VERONICA PINEDA-GALDAMEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-71598

Agency No. A097-318-656

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Claudia Veronica Pineda-Galdamez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

her appeal from an immigration judge's decision denying her application for

asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we deny the petition for review.

Substantial evidence supports the agency's determination that Pineda-Galdamez did not establish past persecution based on her sexual assault by four gang members because she failed to show a nexus between the harm she suffered and one of the statutorily protected grounds. *See Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir. 1997) (a petitioner cannot establish a nexus to a protected ground by inference "unless the inference is one that is clearly to be drawn from the facts in evidence"). As this incident and retaliatory harassment for reporting the crime is the only basis for petitioner's claim of past persecution and of a well-founded fear of future persecution, her asylum claim fails. *See id.*

Because Pineda-Galdamez did not establish eligibility for asylum, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Pineda-Galdamez's due process contentions that the BIA failed to fully articulate its reasons for denial, did not perform the minimal review necessary, and did not refer correctly to or explicitly adopt the IJ's opinion are belied by the record.

**PETITION FOR REVIEW DENIED**.

09-71598